PATRICK J. HOAR *vs.* JOHN W. ABBOTT & others.

Middlesex.    January 24, 1888. — March 2, 1888.

Present : MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Evidence.*

If a person alleges that he acted in consequence of a request in a conversation not given in terms, another conversation had at the same time by the requesting party with another person, in which the former asks the latter to do the same thing, is admissible as tending to disprove the first.

TORT for personal injuries sustained by the plaintiff while at work upon a preparing machine in the defendants' mill.

At the trial in the Superior Court, before *Knowlton*, J., it appeared that in the room in which the accident occurred there were ten of these machines, in the management of which five men, including one Casey, were regularly employed, and that the plaintiff, then a boy about fourteen years of age, was on that day regularly at work in the same room, but not on any of these machines.

The plaintiff contended, and introduced evidence tending to show, that at the time of the accident there was a usage or custom in the defendants' mill, permitting the workmen regularly employed in running these preparing machines, when obliged to be temporarily absent therefrom, to call upon other of the defendants' employees engaged in the same room to look after and run the machines during such temporary absences; and in order to show that he was, at the time of the accident, employed by the defendants to work on this machine, and as the only evidence of such employment testified that, on the day of the accident, shortly before it occurred, Casey went out, and that the plaintiff had a conversation with him as he was about to go, the terms or substance of which were not put in direct evidence, and that, in consequence of this conversation, he tended Casey's machine during his absence.

The defendants contended, and offered evidence to show, that this custom or usage authorized the operative, under the circumstances mentioned, only to call on workmen regularly employed

in running similar machines to attend to and run his machine during his absence ; that the custom did not extend so far as to permit the calling in of any except workmen engaged on similar machines, or so far as to warrant the plaintiff, or any person of his age and inexperience, in attempting to run the machine; that the plaintiff was not required, in the discharge of his duties, to attempt to do so, or to go into close proximity to it ; that the accident occurred while the plaintiff was attempting, without right, authority, or direction, and against positive orders, to run the machine; that when Casey left his machine, shortly before the accident, as testified to by the plaintiff, he called one O'Brien, who was employed on a similar machine, and so within the custom ; and that, during Casey's absence, O'Brien was engaged in tending Casey's machine, together with his own.

The defendants called O'Brien as a witness, who, in reply to the question, " Did you have any talk with Casey at the time, or just preceding the time, that Casey went away from his machine ? " was permitted, under objection, to state the conversation between Casey and himself.

The jury returned a verdict for the defendants ; and the plaintiff alleged exceptions.

*N. P. Pratt & E. B. Quinn*, for the plaintiff.

*Samuel Hoar*, for the defendants.

HOLMES, J. The plaintiff was injured by a machine which it was not his regular duty to tend. He alleged that he was employed by the defendants to tend it at the time. The defendants' evidence, on the other hand, was that he was intermeddling without right and against order. To make out that he was employed, the plaintiff put in evidence that there was a known custom of the workmen in the mill employed to run such machines, when obliged to absent themselves temporarily, to call in other employees, and that the regular workman, Casey, went out, and just before doing so had a conversation with him, in consequence of which the plaintiff attended to Casey's machine during his absence. To meet this, the defendants put in the testimony of O'Brien, another workman, that Casey just before going out asked him to attend to his machine, and that he did so. The only exception is to the admission of what Casey said to O'Brien.

The conversation referred to the occasion testified to by the plaintiff, and was alleged to have happened at the same time as that on which the plaintiff alleged the conversation with himself to have taken place.   O'Brien's evidence therefore tended to show that the plaintiff was not requested to attend to Casey's machine.   For the jury would have been warranted in finding that there was only one conversation upon the matter, and that that was a request from Casey to O'Brien; and even if the alleged conversations had been placed a moment apart by the respective witnesses, and that with O'Brien had taken place in the plaintiff's absence, it would have been unlikely that Casey, within a few minutes, would have requested two persons to take charge of the same work at the same time.

A request from Casey was none the less material to the plaintiff's case, that he did not testify to it in terms, but left it to be inferred from the other facts put in evidence.   The conversation with O'Brien was properly admitted as tending to disprove it.

*Exceptions overruled.*